1
2
3
4
5
6
7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MANUEL GUADALUPE SANCHEZ, Jr.

11            Petitioner,                    2: 10 - cv - 596 - FCD TJB

12        vs.

13   J. WALKER, et al.,

14            Respondents.                   ORDER, FINDINGS AND

15                                           RECOMMENDATIONS

16   _____/

17                       I.  INTRODUCTION

18        Petitioner, Manuel Guadalupe Sanchez, Jr., is a state prisoner proceeding *pro se* with a

19   petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges the loss of 181

20   days of credit following a prison disciplinary proceeding where he was found guilty of possession

21   of a weapon.  Petitioner raises four claims in his habeas petition; specifically: (1) Petitioner's due

22   process rights were violated when Respondent failed to properly search his cell prior to his

23   arrival at that cell ("Claim I"); (2) Petitioner's due process rights were violated when he was not

24   given a fair and impartial disciplinary hearing ("Claim II"); (3) Petitioner's due process rights

25   were violated because there was insufficient evidence to show that he knowingly possessed a

26   weapon ("Claim III"); and (4) Petitioner's due process rights were violated when his appeals

                                    1

1 were improperly heard ("Claim IV").  For the following reasons, the habeas petition should be

2 denied.

3                          II.  FACTUAL AND PROCEDURAL BACKGROUND

4         According to the Rules Violation Report (RVR), Petitioner's cell was searched by Officer

5 Dreager on December 22, 2007.  Petitioner's mattress was searched and an object was found

6 wrapped with layers of plastic wrap surrounding the object.  Upon opening the item, a

7 razorblade, a piece of silver metal, a sewing needle, sandpaper, fine wire and an inmate

8 manufactured hypodermic needle were found.  (See Resp't's Answer Ex. 1 at p. 34.)

9         Petitioner appeared before a senior hearing officer (SHO) on January 21, 2008.  The RVR

10 indicates that Petitioner did not request any witnesses besides Officer Dreager.  (See id. at p. 35.)

11 Ultimately, Petitioner was found guilty of possession of a weapon by the SHO.

12         After exhausting his administrative appeals, Petitioner filed a petition for writ of habeas

13 corpus in the Superior Court of California, County of Sacramento on December 26, 2008.

14 Petitioner raised the issues he raises in his federal habeas petition.  The Superior Court denied the

15 state habeas petition in a written decision dated February 18, 2009.  (See id. Ex. 2.)  Petitioner's

16 petitions to the California Court of Appeal and the California Supreme Court were summarily

17 denied.

18         On March 15, 2010, Petitioner filed the instant federal habeas petition.  Respondent

19 answered the petition on July 9, 2010 admitting that Petitioner had exhausted his claims.

20 Petitioner filed a traverse on October 13, 2010.  On July 7, 2011, the matter was reassigned to the

21 undersigned.

22                          III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

23         An application for writ of habeas corpus by a person in custody under judgment of a state

24 court can only be granted for violations of the Constitution or laws of the United States.  See 28

25 U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994); Middleton v.

26 Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).

1   Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism

2   and Effective Death Penalty Act of 1996 ("AEDPA") applies.  See Lindh v. Murphy, 521 U.S.

3   320, 326 (1997).  Under AEDPA, federal habeas corpus relief is not available for any claim

4   decided on the merits in the state court proceedings unless the state court's adjudication of the

5   claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of,

6   clearly established federal law, as determined by the Supreme Court of the United States; or (2)

7   resulted in a decision that was based on an unreasonable determination of the facts in light of the

8   evidence presented in state court.  See 28 U.S.C. 2254(d).

9       As a threshold matter, this Court must "first decide what constitutes 'clearly established

10   Federal law, as determined by the Supreme Court of the United States.'"  Lockyer v. Andrade,

11   538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)).  "'[C]learly established federal law'

12   under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court

13   at the time the state court renders its decision.'"  Id. (citations omitted).  Under the unreasonable

14   application clause, a federal habeas court making the unreasonable application inquiry should ask

15   whether the state court's application of clearly established federal law was "objectively

16   unreasonable."  See Williams v. Taylor, 529 U.S. 362, 409 (2000).  Thus, "a federal court may

17   not issue the writ simply because the court concludes in its independent judgment that the

18   relevant state court decision applied clearly established federal law erroneously or incorrectly.

19   Rather, that application must also be unreasonable."  Id. at 411.  Although only Supreme Court

20   law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in

21   determining whether a state court decision is an objectively unreasonable application of clearly

22   established federal law.  See Clark v. Murphy, 331 F.3d 1062, 1070 (9th Cir. 2003) ("While only

23   the Supreme Court's precedents are binding . . . and only those precedents need be reasonably

24   applied, we may look for guidance to circuit precedents.").  In this case, the last reasoned court

25   decision was from the Superior Court of California, County of Sacramento on Petitioner's state

26   habeas petition.

# IV.  ANALYSIS OF PETITIONER'S CLAIMS

The Superior Court provided the last reasoned decision on Petitioner's claims and stated the following in denying Petitioner's state habeas petition:

> Petitioner is challenging disciplinary proceedings held with respect to CDC 115 Rules Violation Report (RVR) log number A/S-07-12-030.  [FN 1]  First, he contends that there was no evidence to show that he had knowing possession of the weapon as he asserts that correctional officials cannot demonstrate that they properly searched the cell and mattresses prior to moving petitioner and his cellmate into that particular cell.  He also claims that officials did not search or x-ray a third mattress that was brought into the cell approximately five months later.  [FN 2]
>
> [FN 1]  Petitioner was charged with, and found guilty of, possession of an inmate-manufactured weapon.
>
> [FN 2]  Petitioner has also raised the claim that prison officials failed to follow procedure when they allegedly neglected to search the cell and mattresses prior to his assignment there, and allegedly neglected to search the third mattress.  However, as this information would go to the weight of the evidence presented this claim is being construed as part of petitioner's sufficiency of the evidence claim.
>
> Second, petitioner contends that he was denied a right to call witnesses at the hearing.  Specifically, he is referring to the correctional employee who conducted the cell search prior to petitioner's placement in the cell.  He notes that the signature is illegible and asserts that that fact prevented him from being able to track the employee down and question him about the search.
>
> Third, petitioner contends that he was denied his right to a fair hearing of his appeal, asserting that correctional officials failed to address his issues.  Specifically, he claims that they ignored the fact that he had been unable to call the correctional official who conducted the initial cell search as a witness and over-looked the fact that there was no evidence that he had knowledge of the weapon.
>
> Inmates may not have any weapons in their possession or under their control.  (Cal. Code of Regs., tit. 15, § 3006(a).)
>
> An inmate is found guilty at a disciplinary hearing based upon a preponderance of the evidence standard.  Due process requires that the findings of a disciplinary board be upheld if the decision is supported by "some evidence."  (Superintendent v. Hill (1985) 472 U.S. 445, 454.)  Hill expressly states that in applying the "some evidence" standard, courts are not required to examine the entire record, independently assess credibility of witnesses, or weigh the evidence.  (Id., at p. 455.)  The court must only decide if there is

4

any evidence in the record that would support the conclusion reached.  (Id. at pp. 455-456.)

In this case, the weapon was found secreted inside the mattress that petitioner had been using for at least two months prior to the search.  Unfortunately for petitioner, that information is sufficient to satisfy the "some evidence" standard set forth in Hill, supra.

Petitioner's claim that he was denied his right to call witness to the hearing fails to state a prima facie case for relief.

An inmate may request the presence of friendly and adverse witnesses at his disciplinary hearing.  (Cal. Code Regs., tit. 15, § 3315(e).)  Prison officials are required to call the requested witnesses unless the official conducting the hearing denies the request for one of the following reasons:  the witness's appearance would endanger him or her, the presiding official determines the witness has no relevant or additional information, or the witness is unavailable.  (Cal. Code Regs., tit. 15, § 3315(e)(1).)  The reasons for denial must be documented on the CDC Form 115.  (Ca. Code Regs., tit. 15, § 3315(e)(2).)

According to documentation attached to the petition, Mr. Sanchez never asked to have the officer who signed the Cell Inspection Sheet tracked down.  Consequently, he waived his right ot have this witness produced for the hearing.

Peititioner's final claim concerns his assertion that correctional officials did not respond to each of the specific issues that he raised in his appeal.  Assuming, for the sake of argument, that this assertion were true, the only benefit to petitioner would be that the court could use that information as a basis to excuse a failure to satisfy the exhaustion requirement.  However, as petitioner has a third level denial, he has, in fact, satisfied the exhaustion requirement and been able ot obtain judicial review of his issues.  Therefore, petitioner's claim does not state any type of claim for relief.

(Resp't's Answer Ex. 2.)

   A.  Claim I

In Claim I, Petitioner asserts that his prison disciplinary proceedings and appeal were not in compliance with various provisions of the California Penal Code as well as state and correctional code regulations.  Specifically, Petitioner argues that Respondent failed to properly search and document his cell prior to placing Petitioner in the cell.  (See Pet'r's Pet. at p. 6.)  To the extent that Petitioner bases this Claim under state law, it is insufficient to merit granting

5

1   federal habeas relief.   See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that it is not a

2   province of a habeas court to examine state law questions).   Petitioner also argues that the Due

3   Process Clause was violated due to these purportedly state law infractions by the Respondent.   To

4   the extent that Petitioner bases this Claim on the Due Process Clause, it will be considered within

5   the discussion of infra Claims II and III which set out the due process rights that Petitioner is

6   owed in this prison disciplinary proceeding.   Thus, Claim I does not merit federal habeas relief

7   under these circumstances.

8       B.  Claim II

9       In Claim II, Petitioner argues that his due process rights were violated when he was

10  denied a fair and impartial disciplinary hearing.   Where a prison disciplinary hearing may result

11  in the loss of earned good time or behavior credits, due process requires that the inmate receive

12  certain procedural protections.   First, "written notice of the charges must be given to the

13  disciplinary-action defendant in order to inform him of the charges and to enable him to marshal

14  the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974).   Second, "at

15  least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate

16  to prepare for the appearance before the [disciplinary] committee." Id.   Third, "there must be a

17  written statement by the factfinders as to the evidence relied on and reasons for the disciplinary

18  action." Id. (internal quotation marks and citation omitted).   Fourth, "the inmate facing

19  disciplinary proceedings should be allowed to call witnesses and present documentary evidence

20  in his defense when permitting him to do so will not be unduly hazardous to institutional safety

21  or correctional goals." Id. at 566.   Fifth, "[w]here an illiterate inmate is involved . . . or where

22  the complexity of the issues makes it unlikely that the inmate will be able to collect and present

23  the evidence necessary for an adequate comprehension of the case, he should be free to seek the

24  aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from [a]n . . .

25  inmate designated by the staff." Id. at 570.

26      Petitioner argues that his hearing was unfair because he was not allowed to call the

6

unknown officer who performed the cell inspection on August 17, 2007 as well as an officer who

brought in an additional mattress at some point after Petitioner was housed in his cell due to his

cellmate's health condition.  Contrary to Petitioner's position, the RVR indicates that Petitioner

did not request any witnesses besides the officer that found the weapon.[1]  However, even

assuming *arguendo* that Petitioner did make such requests and they were denied, Petitioner has

not shown that he was prejudiced so as to justify federal habeas relief.  See Brecht v.

Abrahamson, 507 U.S. 619, 637 (1993); see also Tien v. Sisto, Civ. No. 07-2436, 2010 WL

1236308, at *4 (E.D. Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the

Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as

well as courts in this district, have held that a prisoner must show prejudice to state a habeas

claim based on an alleged due process violation in a disciplinary proceeding.") (citing Pilgrim v.

Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d

808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver,

969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, Civ No. 05-0801, 2008 WL 5381964, at *5 (E.D.

Cal. Dec. 22, 2008); Gonzalez v. Clark, Civ. No. 07-0220, 2008 WL 4601495, at *4 (E.D. Cal.

Oct. 15, 2008)).  Petitioner has not shown what the purportedly unknown officers' testimony

would have been or how their testimony would have rebutted the evidence relied upon by the

SHO in finding Petitioner guilty of possession of a weapon.  See James v. Borg, 24 F.3d 20, 26

(9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts

do not warrant habeas relief.").  Thus, Petitioner fails to show that his due process rights were

violated.

In his introduction to his federal habeas petition, Petitioner also alludes to the fact that he

---

[1] In his traverse, Petitioner asserts that his appeal form indicates that he did make these witness requests.  However, Petitioner's appeal form merely states that "[t]he SHO could not call the officer who sign [sic] the exhibit 'B' because the signature is not legible."  Nevertheless, for the reasons discussed infra, Petitioner failed to show that he is entitled to federal habeas relief as he failed to show prejudice.

1   requested his cellmate, William Barba, be called as a witness.  (See Pet'r's Pet. at p. 4.)

2   However, within Claim II, Petitioner does not argue that Barba was prevented from being a

3   witness on Petitioner's behalf.  Nevertheless, even if Petitioner was prevented from presenting

4   Barba as a witness, he fails to show that his due process rights were violated.  Petitioner attached

5   a declaration to his habeas petition from Barba dated June 10, 2008 in which he states that his

6   cell was not searched on August 17, 2007 and that an extra mattress was brought into his cell for

7   him due to his medical condition.  He also states in his declaration that he gave the extra mattress

8   to Petitioner and that he was never told whether the extra mattress was searched.  As with

9   Petitioner's arguments regarding the unknown two officers, Petitioner fails to show that this

10  evidence would have rebutted the finding of a weapon in Petitioner's mattress by Officer

11  Dreager.  Even if Barba was prevented from testifying, it would not have prejudiced Petitioner in

12  light of the evidence produced during the disciplinary hearing against Petitioner, namely the

13  finding of the weapon within Petitioner's mattress.  Thus, Petitioner failed to show that he was

14  prejudiced.  For the foregoing reasons, Petitioner is not entitled to federal habeas relief on Claim

15  II.

16          C.  Claim III

17          In his third claim, Petitioner argues that there was insufficient evidence to show that he

18  knowingly possessed a weapon.  The disposition of a prison disciplinary hearing must be

19  supported by "some evidence" in the record.  See Superintendent, Mass. Corr. Institution,

20  Walpole v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is "minimally

21  stringent" and a decision must be upheld if there is any reliable evidence in the record that could

22  support the conclusion reached by the fact finder.  See Powell v. Gomez, 33 F.3d 39, 40 (9th Cir.

23  1994) (citing Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)).  Determining "whether this

24  standard is satisfied does not require examination of the entire record, independent assessment of

25  the credibility of witnesses, or the weighing of evidence."  Hill, 472 U.S. at 455-56.

26  Furthermore, "[r]evocation of good time credits is not comparable to a criminal conviction, and

8

1  neither the amount of evidence necessary to support such a conviction, nor any other standard

2  greater than some evidence applies in this context." Id. at 456.

3          As noted by the Superior Court, there was "some evidence" giving rise to the SHO's

4  finding.  Specifically, an officer found a weapon within Petitioner's mattress in his cell.

5  Petitioner's arguments notwithstanding, it is not the province of a federal habeas court to reweigh

6  the evidence.  See Hill, 472 U.S. at 455-56.  In light of the finding by the officer, Petitioner's

7  argument that there was insufficient evidence to find him guilty of the offense is without merit as

8  the evidence produced meets the minimally stringent "some evidence" threshold.  Petitioner is

9  not entitled to federal habeas relief on Claim III.

10          D.  Claim IV

11          Finally, Petitioner argues that his due process rights were violated when his appeals were

12  not properly heard.  (See Pet'r's Pet. at p. 14.)  As the Respondent conceded, Petitioner

13  exhausted his state judicial remedies.  (See Resp't's Answer at p. 2.)  Furthermore, as the

14  Superior Court noted, this argument is relevant only if some of his claims were unexhausted.

15  However, Petitioner exhausted his state judicial remedies on his Claims.  Thus, this argument

16  also does not merit federal habeas relief.

17                        V.  PETITIONER'S REQUESTS

18          A.  Order to Show Cause

19          Petitioner requests an order to show cause.  Respondent answered the petition on July 9,

20  2010.  Therefore, this request will be denied as moot.

21          B.  Appointment of Counsel

22          Next, Petitioner requests the appointment of counsel.  There currently exists no absolute

23  right to the appointment of counsel in habeas proceedings.  See, e.g., Nevius v. Sumner, 105 F.3d

24  453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

25  any stage of the case "if the interests of justice so require."  In the present case, the interests of

26  justice do not so require to warrant the appointment of counsel.  Accordingly, Petitioner's request

1  for the appointment of counsel is denied.

2      C.  Discovery

3      Next, Petitioner requests discovery.  Parties to a habeas proceeding are not entitled to

4  discovery as a matter of course.  See Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rather, "[a]

5  judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of

6  Civil Procedure and may limit the extent of discovery."  Rule 6(a), Rules Governing § 2254

7  Cases; see also Bracy, 520 U.S. at 904.  Good cause is shown "where specific allegations before

8  the court show reason to believe that the petitioner may, if the facts are fully developed, be able

9  to demonstrate that he is . . . entitled to relief."  Id. at 908-09 (internal quotation marks and

10  citation omitted); see also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004).  A request for

11  discovery "must also include any proposed interrogotories and requests for admission, and must

12  specify any requested documents."  Rule 6(b), Rules Governing § 2254 Cases.

13      In this case, Petitioner failed to show good cause to warrant granting his request for

14  discovery and he has not shown reason to believe that he would be entitled to relief if facts are

15  more fully developed.  The request will be denied.

16      D.  Evidentiary Hearing

17      Finally, Petitioner requests an evidentiary hearing.  A court presented with a request for

18  an evidentiary hearing must first determine whether a factual basis exists in the record to support

19  petitioner's claims, and if not, whether an evidentiary hearing "might be appropriate."  Baja v.

20  Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); see also Earp v. Ornoski, 431 F.3d 1158, 1166

21  (9th Cir. 2005).  A petitioner requesting an evidentiary hearing must also demonstrate that he has

22  presented a "colorable claim for relief."  Earp, 431 F.3d at 1167 (citations omitted).  To show

23  that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would

24  entitle him to relief."  Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation

25  marks and citation omitted).  In this case, an evidentiary hearing is not warranted for the reasons

26  stated in supra Part IV.  Petitioner failed to demonstrate that he has a colorable claim for federal

habeas relief.  Moreover, the Supreme Court has recently held that federal habeas review under

28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated

the claim on the merits" and "that evidence introduced in federal court has no bearing on" such

review.  Cullen v. Pinholster, 131 S.Ct. 1388, 1398, 1400 (2011).  Thus, his request will be

denied.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's request for an order to show cause is DENIED AS MOOT;

2.      Petitioner's request for the appointment of counsel is DENIED;

3.      Petitioner's request for discovery is DENIED; and

4.      Petitioner's request for an evidentiary hearing is DENIED.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for

writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within seven days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he

elects to file, Petitioner may address whether a certificate of appealability should issue in the

event he elects to file an appeal from the judgment in this case.  See Rule 11, Federal Rules

Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant).

//

1   DATED:  August 1, 2011

2

3

4

5                                      TIMOTHY J BOMMER
                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26